Eric D. Houser (SBN 130079)
Jessica L. Yared (SBN 267658)
HOUSER & ALLISON, APC
A Professional Corporation
701 Palomar Airport Road, Suite 200
Carlsbad, California 92011
Telephone: (760) 603-9664
Facsimile: (760) 603-9668
Email: jyared@houser-law.com

Attorneys for Defendants U.S. Bank National Association, as Trustee for MASTR
Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates,
Series 2007-1 and Ocwen Loan Servicing, LLC.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DEL REY,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. Bank National Association as Trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1, OCWEN Loan Servicing, LLC, Western Progressive, LLC, and DOES 1-10 inclusive,<br><br>    Defendants. | Case No.: <u>3:13-cv-03170-L-WMC</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT [F.R.C.P. 12(b)(6)]**<br><br>Date: March 10, 2014<br>Time: 10:30 A.M.<br>Ctrm.: 5B |

1

1

TABLE OF CONTENTS

2   I.   INTRODUCTION ……………………………………………………..1

3   II.  STATEMENT OF FACTS ……………………………………………..2

4   III. ARGUMENT ………………………………………………………4

5   A.   Plaintiff Lacks Standing to Challenge U.S. Bank, as Trustee's Authority to

6   Foreclose…………………………………………………………………4

7   B.   Plaintiff's Claim for Negligence Fails. ………………………………..7

8   1.   Defendants Do Not Owe Plaintiff a Special Duty ………………………7

9   2.   Plaintiff Is Not Entitled to the Remedy She Seeks. ……………………..8

10  C.   Plaintiff's Claim for Quasi Contract Fails ……………………………..9

11  D.   Plaintiff's Claim for Violation of 15 U.S.C. 1692, et. seq. Fails. …………10

12  E.   Plaintiff's Claim for Violation of California Business and Professions Code

13  § 17200 Fails. ……………………………………………………..11

14  1.   Plaintiff Fails to Allege a Violation of any "Borrowed Law" to Support

15  Her Unfair Business Practices Claim. …………………………………11

16  2.   Plaintiff Fails to State a Claim Under the "Unfair" Prong. ……………13

17  3.   Plaintiff Fails to State a Claim Under the "Fraudulent" Prong. ………..14

18  4.   Plaintiff Lacks Standing ………………………………………..16

19  F.   Plaintiff's Claim for Accounting Fails. ………………………………17

20  G.   Plaintiff's Claim for Cancellation of Instrument Fails. ……………………18

21  1.   Plaintiff Cannot Predicate a Viable Claim Based on Her Allegation that

22  Defendants Lack the Authority to Foreclose. …………………………..18

23  2.   Plaintiff Cannot Show Prejudice ………………………………..19

24  H.   Plaintiff's Claim for Quiet Title Fails. …………………………………20

25  I.   Plaintiff's Claim for Declaratory Relief Fails …………………………..21

26  IV. CONCLUSION ………………………………………………………23

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS**

Case No. 13CV03170

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*Angulo v. Countrywide Home Loans, Inc.*, 2009 WL 3427179 at *5 (E.D. Cal. Oct. 26, 2009) ................................................................................................................ 11

*Baucum v. Le Baron* (1955) 136 Cal. App. 2d 593, 595 ........................................ 21

*Budd v. Nixen,* (1971) 6 Cal. 3d 195, 200 .............................................................. 8

*Cal. Dep't of Toxic Substances Control v. Payless Cleaners* (2005) 368 F. Supp. 2d 1069, 1084 ............................................................................................................ 8

*California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.* (2001) 94 Cal. App. 151, 172-173 ................................................................................... 9

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 186-187 (1999) ....................................................................................... 12,13

*Community Assisting Recovery, inc. v. Aegis Security Ins. Co.*, 92 Cal.App.4th 886 (2001) ................................................................................................................... 13

*Constantini v. Wachovia Mortg. FSB*, 2009 WL 1810122 (E.D. Cal. June 23, 2009) ............................................................................................................................. 11

*Diunugala v. JP Morgan Chase Bank, N.A.*, 12CV2106-WQH-NLS, 2013 WL 5568737 (S.D. Cal. Oct. 3, 2013) ...................................................................... 6

*Eisenberg v. Alameda Newspapers, Inc.* (1999) 74 Cal.App.4th 1359 .................... 9

*Glaski v. Bank of America, N.A.*, (2013) 218 Cal.App.4th 1079, 1097 .................... 5

*Gomes v. Countrywide Home Loans, Inc.*, (2011) 192 Cal.App.4th 1149, 1155….19

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.* (1996) 41 Cal. App. 4th 1410, 1420 ........................................................................................................... 9

*Hepler v. Washington Mut. Bank, F.A.*, 2009 WL 1045470 (C.D. Cal. Apr. 17, 2009) ................................................................................................................... 11

ii

*Hughes v. Beekley* (1927) 85 Cal. App. 313, 316.....................................................21

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)...........................15

*Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993) ...............13

*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 94).................................................20

*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 322................................16

*Laird v. Blacker,* (1991) 229 Cal. App. 3d 159 ......................................................8

*Macris v. Bank of America, N.A.*, 2012 WL 273120 *11–12 (E.D.Cal. Jan. 30, 2012)...............................................................................................................15

*Mangindin v. Wash. Mut. Bank*, 2009 U.S. Dist. LEXIS 51231, *13 (N.D. June 18, 2009)...............................................................................................................22

*Marks v. Ocwen Loan Servicing*, No. 07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) .................................................................................................7

*Medical Instrument Development Laboratories v. Alcon Laboratories*, 2005 WL 1926673, at *5 (N.D.Cal.2005) ..........................................................................15

*Merrill v. Navegar* (2001) 26 Cal.4th 465, 500....................................................7, 8

*Morgan v. AT&T Wireless Services, Inc.*, (2009)177 Cal.App.4th 1235 ................12

*Nera v. Am. Home Mortg. Servicing, Inc.*, 2009 WL 2423109 (N.D. Cal. Aug. 4, 2009)...............................................................................................................11

*Newman v. Bank of New York Mellon*, 1:12-CV-1629 AWI, 2013 WL 5603316 (E.D. Cal. Oct. 11, 2013) .................................................................................6

*Nymark v. Hart Federal Sav. & Loan Ass'n* (1991) 231 Cal.App.3d 1089, 1096....7

*Pantoja v. Countrywide Home Loans Inc.*, 640 F.Supp.2d 1177, 1186 (N.D.Cal., 2009)...............................................................................................................20

*Perlas v. GMAC Mortg.*, LLC, (2010) 187 Cal. App. 4th 429, 436 ......................17

*Pineda v. Saxon Mortg. Servs.*, 2008 WL 5187813 (C.D. Cal. Dec. 10, 2008)......11

*Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669-71 (9th Cir. 2001)............22

iii

---

**NOTICE OF MOTION AND MOTION TO DISMISS**

Case No. 13CV03170

*Rendon v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 88047, *36 (E.D. Sept. 23, 2009) ...................................................................................... 22

*Sandri*, 2013 WL 5925655 (Bankr. N.D. Cal. Nov. 4, 2013) ................................ 6

*Siliga v. Mort. Elec. Reg. Sys, Inc.*, (2013) 219 Cal.App.4[th] 75,161 ...................... 20

*St. James Church of Christ Holiness,* (1955) 135 Cal.App.2d 352, 359 ............... 17

*Tarmann v. State Farm Mut. Auto. Ins. Co.*, (1991) 2 Cal.App.4th 153, 157......... 15

*Watson Laboratories, Inc. v. Rhone–Poulenc Rorer, Inc.*, (2001) 178 F.Supp.2d 1099, 1121 ........................................................................................ 14

*Watts v. Decision One Mortg. Co.*, No. 09-43 2009 U.S. Dist. LEXIS 59694 (S.D. Cal. July 13, 2009) ........................................................................... 7

*Wisdom v. First Midwest Bank, of Poplar Bluff*, (1999) 167 F.3d 402 .................. 12

**Statutes**

12 U.S.C. § 2605(e) ................................................................................ 12

15 U.S.C. § 1692a(6) ............................................................................. 10

18 U.S.C. § 1951(b)(2) .......................................................................... 12

18 U.S.C § 1951 ..................................................................................... 12

28 U.S.C. § 2201 .................................................................................... 22

Cal. Bus. & Prof. Code § 17200 ................................................... 1,14,16

Cal. Bus. & Prof. Code § 17204 ......................................................... 16

Cal. Civ. Code § 2943 (c) ............................................................... 17,18

Cal. Civ. Code § 2924 ......................................................................... 18

Cal. Civ. Proc. § 760.020 ................................................................... 21

Fed.R.Civ.P. 9(b) ................................................................................ 15

iv

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff, who has defaulted on her mortgage loan five times in the last five years, brings this Complaint on the eve of foreclosure, alleging that Defendants lack the authority to foreclose. As legal support for her claim that Defendants lack the authority to foreclose, Plaintiff cites *Glaski v. Bank of America, N.A.* Since its publication earlier this year, *Glaski* has been criticized as "unpersuasive," "a clear minority" and based on "a questionable interpretation" of the law.  Further, every district court in the state of California has declined to follow the holding in *Glaski*. Because Plaintiff's entire Compliant relies on a case widely regarded as improperly decided, it should be dismissed in its entirety.

Moreover, each of Plaintiff's claims fail for separate and independent reasons. Plaintiff's Negligence claim fails because Defendants do not owe her any duty. Plaintiff cannot allege a Quasi Contract claim because a valid contract already exists governing the parties' rights and responsibilities. Plaintiff's Unfair Debt Collection claim fails because these Defendants are not debt collectors. Plaintiff fails to state adequate facts supporting any unfair, unlawful, or fraudulent conduct by these Defendants and therefore her claim for Violation of Business and Professions Code § 17200 fails. Plaintiff cannot state an Accounting claim because no fiduciary relationship exists between herself and these Defendants, and she

cannot state a claim for Cancellation of Instruments because she has not been prejudiced. Plaintiff's Quiet Title Claim fails as a matter of law because there is no title instrument to challenge. Finally, Plaintiff's Declaratory Relief claim is duplicative and therefore should be dismissed.

For the foregoing reasons, this Court should grant Defendants' Motion to Dismiss without leave to amend because the Complaint in its entirety fails to state a claim.

## II.   STATEMENT OF FACTS

On October 2, 2006, Plaintiff, Virginia Del Rey purchased the real property located at 543 Camino De Orchida, Encinitas CA 92024 ("Property"). (RJN, Exh. A.)   The Deed of Trust lists MERS as "the beneficiary under this Security Instrument," American Brokers Conduit as the lender, and Chicago Title Company as the trustee. (*Id*.) The Deed of Trust was recorded in the San Diego County Recorder's Office ("Recorder's Office") on October 6, 2006. (*Id*.)

Two years later, in 2008, Plaintiff defaulted on her loan. As a result, foreclosure proceedings commenced and a Notice of Default was recorded on December 18, 2008. RJN Exhibit B.

In 2009, Plaintiff defaulted for the second time, and a Notice of Default was recorded on August 28, 2009. RJN Exhibit C.

In 2010, Plaintiff defaulted for the third time, and a Notice of Default was

2

recorded on April 7, 2010. RJN Exhibit D.

An Assignment of the Deed of Trust was recorded on July 22, 2010, assigning the beneficial interest to U.S. Bank National Association, as Trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1. RJN Exhibit E.

In 2012, Plaintiff defaulted for the fourth time, and a Notice of Default was recorded on February 8, 2012. RJN Exhibit F.

In 2013, Plaintiff defaulted for the fifth time, and a Notice of Default was recorded on June 7, 2013. RJN Exhibit G.

Plaintiff failed to cure her default, and a Notice of Trustee Sale was recorded on September 26, 2013, setting the sale of the Subject Property for October 25, 2013. RJN Exhibit H.

On October 23, 2013, just two days before the foreclosure sale of the Subject Property, Plaintiff filed this lawsuit in the Superior Court of California for the County of San Diego, alleging that the Assignment of the Deed of Trust recorded three years prior was improper and therefore the foreclosure should be stopped. RJN Exhibit I.

Defendants removed this matter to this Court on December 27, 2013.

///

///

**NOTICE OF MOTION AND MOTION TO DISMISS**

Case No. 13CV03170

## III.    ARGUMENT

### A. Plaintiff Lacks Standing to Challenge U.S. Bank, as Trustee's Authority to Foreclose.

Plaintiff's entire Complaint is predicated on her allegation that her note and deed of trust were not properly securitized and therefore U.S. Bank, as Trustee, lacks the authority to initiate foreclosure proceedings.  However, Plaintiff lacks standing to challenge Defendant's ability to foreclose.

Section 2924 of the California Civil Code is the comprehensive framework governing non-judicial foreclosures. Nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized. *Gomes v. Countrywide Home Loans, Inc.*, (2011) 192 Cal.App.4th 1149, 1155. The recognition of the right to bring a lawsuit to determine a parties authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermined the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosure. *Id*.

Plaintiff's Complaint alleges that because the Assignment of the Deed of Trust was executed and recorded after the Pooling and Servicing Agreement's cut-off date, her Note and Deed of Trust never became part of the Trust. Complaint ¶ 50. Plaintiff challenges U.S. Bank, as Trustee's ability to foreclose on this basis.

4

*Id.* As the Court found in *Gomes*, the Plaintiff here does not have standing to challenge Defendant's ability to foreclose on the Subject Property. The recognition of such a right to bring a lawsuit to determine a parties authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermined the nonjudicial nature of the process and encourage more lawsuits, like the present one, filed solely for the purpose of delaying or setting aside a valid foreclosure.

Plaintiff relies on the recently decided *Glaski v. Bank of America, N.A.*, (2013) 218 Cal.App.4[th] 1079, for the proposition that she has standing to contest the legitimacy of securitization of her Note and Deed of Trust. Complaint ¶ 14, fn 2. In *Glaski*, the Court of Appeal held that a borrower under a trust deed had standing to challenge the foreclosure under the basis that the assignments of the loan were void and thus that the foreclosure was not conducted at the direction of the correct party. *Glaski v. Bank of America, N.A.*, (2013) 218 Cal.App.4[th] 1079, 1097. A plaintiff asserting this theory must allege facts that show the defendant who invoked the power of sale was not the true beneficiary. *Id* at 1094.

Here, Plaintiff fails to allege facts which show U.S. Bank, as Trustee, is not the true beneficiary. Instead, Plaintiff simply concludes without factual support that Defendant lacks the authority to foreclose because the Assignment is "blatantly fabricated." Compl. ¶ 25. Plaintiff fails to provide any factual support for this conclusion. Accordingly, Plaintiff cannot challenge the foreclosure on the

5

basis that the assignment was void.

Moreover, in the days since the decision in *Glaski*, Unites States District Courts in the Southern, Eastern, and Northern Districts of California have all declined to follow the holding. The Court in *Newman v. Bank of New York Mellon* declined to follow *Glaski's* holding that a borrower has standing to assert a violation of a PSA and stated that "*Glaski* is in a clear minority on the issue." *Newman v. Bank of New York Mellon*, 1:12-CV-1629 AWI, 2013 WL 5603316 (E.D. Cal. Oct. 11, 2013). *In re Sandri* held that "*Glaski* is inconsistent with the majority line of cases and is based on a questionable analysis of New York trust law." *In re Sandri*, 2013 WL 5925655 (Bankr. N.D. Cal. Nov. 4, 2013). Similarly, in the case of *Diunugala v. JP Morgan Chase,* the Court stated it found *Glaski* to be unpersuasive, and instead relied on the holding in *Gomes* and its progeny in ruling that Plaintiff failed to adequately allege standing to challenge an assignment that purportedly violated a PSA. *Diunugala v. JP Morgan Chase Bank, N.A.*, 12CV2106-WQH-NLS, 2013 WL 5568737 (S.D. Cal. Oct. 3, 2013).

Because *Glaski* has received such negative treatment from the District Courts in California and because it is inconsistent with the clear line of majority cases on the issue, this Court should decline to follow its holding.

///

///

6

**B.  Plaintiff's Claim for Negligence Fails.**

**1.  Defendants Do Not Owe Plaintiff a Special Duty**

Plaintiff's Negligence claim fails because, as a matter of law, Defendants do not owe her a tort duty of care.

To maintain a cause of action for negligence, a plaintiff must show a legally cognizable duty owed by defendant to plaintiff.  *Merrill v. Navegar* (2001) 26 Cal.4th 465, 500.  A financial institution owes no tort duty to its borrower when its involvement in the loan transaction does not exceed the scope of its traditional role as lender.  *Nymark v. Hart Federal Sav. & Loan Ass'n* (1991) 231 Cal.App.3d 1089, 1096.  This same rule applied in *Nymark* applies to loan servicers, such as Ocwen.  *Watts v. Decision One Mortg. Co.*, No. 09-43 2009 U.S. Dist. LEXIS 59694 (S.D. Cal. July 13, 2009); *Marks v. Ocwen Loan Servicing*, No. 07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract.")

Plaintiff's Complaint alleges that "USBNA has a duty to exercise reasonable care and skill to refrain from taking any action against Plaintiff that they do not have the legal authority to do." Compl. ¶ 102. Plaintiff does not allege that either US Bank, as Trustee, or Ocwen, exceeded their traditional role as lender and servicer, respectively. See Complaint Generally. Instead, the actions Plaintiff complains of concern the collection of her mortgage payments, credit reporting to

7

credit bureaus, accounting of her loan, and the foreclosure of her delinquent account (Compl. ¶ 101); all of which are traditional duties of lenders and servicers. Accordingly, these Defendants do not owe a tort duty of care to Plaintiff.

As no duty or special relationship exists between Plaintiff and Defendants, a cause of action for negligence has not, and cannot, be stated. Accordingly, Plaintiff's Negligence claim should be dismissed.

### 2.  Plaintiff Is Not Entitled to the Remedy She Seeks.

Plaintiff's Negligence claim fails because she fails to allege that Defendants' conduct caused her any recoverable damages.

To maintain a cause of action for negligence, a plaintiff must show a resulting injury to the plaintiff.  *Merrill v. Navegar* (2001) 26 Cal.4th 465, 500. "If the allegedly negligent conduct does not cause damage, it generates no cause of action in tort. The mere breach of a … duty, causing only nominal damages, speculative harm, or the threat of future harm — not yet realized — does not suffice to create a cause of action for negligence." *Budd v. Nixen,* (1971) 6 Cal. 3d 195, 200, *superseded, in part, by statute in Laird v. Blacker,* (1991) 229 Cal. App. 3d 159. A plaintiff may only seek remedies for negligence for physical injury to person or property, and not for purely economic loss.  *Cal. Dep't of Toxic Substances Control v. Payless Cleaners* (2005) 368 F. Supp. 2d 1069, 1084.

Here, Plaintiff's only alleged harm is "general and special damages in an

8

amount to be determined at trial, including attorney's fees, and costs of bringing suit to dispute, validate, and challenge said Defendant's purported rights to enforce her debt obligations against her." Compl. ¶ 104. This is patently economic (not physical) harm that does not give rise to negligence remedies. Further, Plaintiff cannot allege that the foreclosure caused her any damages, as the sale has not yet occurred and thus any damages would be purely speculative or based on the threat of a future harm.

Irrespective of duty, Plaintiff's negligence claim fails because she has not alleged actual damages.

## C. Plaintiff's Claim for Quasi Contract Fails

Plaintiff cannot collect restitution for payments made pursuant to a valid deed of trust.

As a matter of law, a quasi-contract action for unjust enrichment does not lie where express binding agreements exist and define the parties' rights. *California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.* (2001) 94 Cal. App. 151, 172-173.

> "When parties have an actual contract covering a subject, a court cannot—not even under the guise of equity jurisprudence—substitute the court's own concepts of fairness regarding that subject in place of the parties' own contract." Hedging Concepts, Inc. v. First Alliance Mortgage Co. (1996) 41 Cal. App. 4th 1410, 1420.  In Eisenberg v. Alameda Newspapers, Inc. (1999) 74 Cal.App.4th 1359, the appellate court stated: "There cannot be a valid express contract and an implied

9

contract, each embracing the same subject, but compelling different results." (Id. at p. 1387).

Plaintiff is attempting to collect restitution and unjust enrichment via a quasi-contract theory for previous mortgage payments she made pursuant to a valid Deed of Trust (Comp., ¶ 106; RJN, Exh. 1).  Plaintiff alleges that "there is no contract of any kind as between the Plaintiff and the Defendant USBNA," Compl. ¶ 10. However, an express binding contract (the Note and Deed of Trust) exists which defines Plaintiff's rights with regard to any payments made to Defendants. Accordingly, because Plaintiff signed an express binding agreement, Plaintiff's claim for quasi-contract fails in its entirety and should be dismissed with prejudice.

### D. **Plaintiff's Claim for Violation of 15 U.S.C. 1692, et. seq. Fails.**

Plaintiff alleges that U.S. Bank, as Trustee has violated the Fair Debt Collection Practices Act ("FDCPA") and is therefore subject to penalties. However, U.S. Bank, as Trustee, is not a "Debt Collector" under the FDCPA and therefore cannot be held liable under the Act.

A debt collector, as defined by 15 U.S.C. § 1692a(6), means any person who "regularly collects or attempts to collect, directly or indirectly, debt owed or due to another."  "Creditors" are not considered debt collectors.  The creditor exception under 15 U.S.C. § 1692a(6) states that creditors collecting their own consumer debts and the creditor's, officers or employees collecting debts on the creditor's

10

behalf are not debt collectors.  Further, "[t]he law is well-settled that creditors, mortgagors and mortgage service companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Angulo v. Countrywide Home Loans, Inc*., 2009 WL 3427179 at *5 (E.D. Cal. Oct. 26, 2009) (*citing Nera  v. Am. Home Mortg. Servicing, Inc*., 2009 WL 2423109 (N.D. Cal. Aug. 4, 2009; *Constantini v. Wachovia Mortg. FSB*, 2009 WL 1810122 (E.D. Cal. June 23, 2009); *Hepler v. Washington Mut. Bank, F.A*., 2009 WL 1045470 (C.D. Cal. Apr. 17, 2009); *Pineda v. Saxon Mortg. Servs*., 2008 WL 5187813 (C.D. Cal. Dec. 10, 2008).

Defendant was and is a creditor collecting the debt by non-judicial foreclosure of a Deed of Trust.  Defendant is exempt under the FDCPA. U.S. Bank, as Trustee is not a debt collector under the FDCPA by virtue of its status as a creditor.  *See Angulo*, 2009 WL 3427179 at *5.  As US Bank, as Trustee is not a debt collector, it cannot be held liable under the FDCPA. Accordingly, Plaintiff's claim fails.

**E. Plaintiff's Claim for Violation of California Business and Professions Code § 17200 Fails.**

**1. Plaintiff Fails to Allege a Violation of any "Borrowed Law" to Support Her Unfair Business Practices Claim.**

Plaintiff fails to adequately allege a violation of any law to support her

11

claim for unlawful business practices.

An act is "unlawful" under the UCL if it violates an underlying state or federal statute or common law. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999); see also *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal.App.4th 1235 (2009).

Here, the laws Plaintiff claims Defendants have violated are 12. U.S.C. 2605(e) and 18 U.S.C. 1951(b)(2). Compl. ¶¶ 111-112. 12 U.S.C. 2605(e) imposes a duty upon Loan Servicers to respond to a borrower's inquiry, and 18 U.S.C. 1951(b)(2) is a federal extortion statute. No private right of action exists under 18.U.S.C 1951.  *Wisdom v. First Midwest Bank, of Poplar Bluff*, (1999) 167 F.3d 402.

Plaintiff alleges Defendants violated 12. U.S.C. 2605(e) and 18 U.S.C. 1951(b)(2) when they engaged in unlawful actions in connection with the recording of the Assignment of the Deed of Trust and attempts to enforce the debt. Compl. ¶ 116. Recording of an Assignment of the Deed of Trust and attempting to enforce a debt are not violations of 12. U.S.C. 2605(e). Plaintiff does not state any facts which demonstrate that Ocwen, as Servicer, failed to respond to an inquiry she made under 12. U.S.C. 2605(e). Compl. ¶ 110-124. Further, no private right of action exists which would allow her to make any claim under 18 U.S.C. 1951(b)(2). Finally, her claim fails to state any facts which would show the claim

12

is based on her other causes of action which have been shown to fail. Accordingly, Plaintiff cannot allege a claim arising under the "unlawful" prong of section 17200.

### 2.  Plaintiff Fails to State a Claim Under the "Unfair" Prong.

Plaintiff fails to state adequate facts to support her claim for unfair business practices.

A business practice is "unfair" if it violates an "established public policy or the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Community Assisting Recovery, inc. v. Aegis Security Ins. Co.*, 92 Cal.App.4th 886 (2001). The "unfair" prong requires that:

> [A]ny finding of unfairness to competitors under section 17200 [must] be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition. We thus adopt the following test: When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" act or practice invokes section 17200, the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 186-187 (1999).  "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation."  *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993) (citations and quotations omitted).

13

1  Plaintiff lumps all defendants together to allege that they have engaged in

2  "unfair" acts in violation of Business and Professions Code section 17200.

3  Comp., ¶¶ 110-124. Further, Plaintiff's allegations regarding how Defendants

4  acted unfairly all rely on her speculative conclusion that Defendants lacks

5  standing to foreclose. Compl. ¶ 116. Such speculation is insufficient to state a

6  claim for unfair business practices. Plaintiff fails to allege any conduct that

7  threatens an incipient violation of an antitrust law, or violates the policy or spirit

8  of one of those laws, or otherwise significantly threatens or harms competition. *Id*.

9  Plaintiff fails to allege who Defendants' competitors are or how any competition

10  is threatened. *Id*.   Thus, Plaintiff's claim fails and should be dismissed with

11  prejudice.

12

13  3. **Plaintiff Fails to State a Claim Under the "Fraudulent"**

14  **Prong**.

15  To the extent that Plaintiff's Section 17200 claim rests on the "fraudulent"

16  prong of the statute, it also fails to state a claim for relief because it lacks the

17  requisite specificity.

18  The "fraudulent" prong under the UCL requires a plaintiff to "show

19  deception to some members of the public, or harm to the public interest," *Watson*

20  *Laboratories, Inc. v. Rhone–Poulenc Rorer, Inc.*, (2001) 178 F.Supp.2d 1099,

21  1121, or to allege that "members of the public are likely to be deceived," *Medical*

14

*Instrument Development Laboratories v. Alcon Laboratories*, 2005 WL 1926673, at *5 (N.D.Cal.2005). Furthermore, allegations of fraudulent conduct under Section 17200 must satisfy the heightened pleading requirements of FRCP 9(b). Also, in a fraud action against a corporation, "a plaintiff must allege the names of the person who made the allegedly fraudulent misrepresentations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Macris v. Bank of America, N.A.*, 2012 WL 273120 *11–12 (E.D.Cal. Jan. 30, 2012) (*quoting Tarmann v. State Farm Mut. Auto. Ins. Co.*, (1991) 2 Cal.App.4th 153, 157.

Plaintiff's allegations of fraudulent conduct range from fraudulently recording "documents" to "acting as a beneficiary without the authority to do so." Complaint ¶ 116. Plaintiff fails to differentiate between defendants or provide any specificity regarding the conduct complained of. The allegations in Plaintiff's Complaint fail to specify the "who, what, when, where, and how of the misconduct charged" in accordance with Fed.R.Civ.P. 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). These allegations are far too vague to satisfy the pleading standards applicable to fraud.

Plaintiff fails to adequately allege unlawful, unfair, or fraudulent business practices by Defendants to state a claim for Violation of § 17200. Accordingly, this claim should be dismissed.

**NOTICE OF MOTION AND MOTION TO DISMISS**
Case No. 13CV03170

1

2

### 4.  Plaintiff Lacks Standing

Plaintiff lacks standing to pursue a cause of action for violation of Business

3

and Professions Code section 17200.

4

5

A private person has standing to assert a section 17200 claim only if he (1)

6

"has suffered injury in fact," and (2) "has lost money or property *as a result of*

7

such unfair competition."   Cal. Bus. & Prof. Code § 17204 (emphasis added).

8

Plaintiff cannot maintain an action unless he establishes a loss of money or

9

10

property that was caused by the defendant's business practice.  *Kwikset Corp. v.*

11

*Superior Court* (2011) 51 Cal.4th 310, 322.  Plaintiff has not identified any injury

12

in fact that would be sufficient to confer standing under section 17200.

13

14

In an attempt to show injury, the Complaint alleges only Plaintiff has been

15

injured in that a cloud has been placed on title to Plaintiff's Property.  Compl. ¶

16

123.  Although it is unclear from Plaintiff's Complaint, Defendants assume the

17

"cloud" Plaintiffs refer to is the commencement of foreclosure proceedings by the

18

19

recording of the Notice of Default. However, the commencement of foreclosure is

20

not an injury in fact that was *caused* by any specific conduct of these Defendants.

21

This is especially true in light of Plaintiff's admission that she owes money on the

22

23

loan.   Compl. ¶ 27. Because the foreclosure directly resulted from Plaintiff's

24

failure to make required payments on the loan, she cannot show that her purported

25

injury was actually caused by Defendants' conduct.  Without facts demonstrating

26

27

16

28

---

**NOTICE OF MOTION AND MOTION TO DISMISS**

Case No. 13CV03170

injury in fact or causation, Plaintiff cannot pursue a cause of action under section 17200.

### F.  <u>Plaintiff's Claim for Accounting Fails</u>.

Plaintiff cannot state a claim for an Accounting because she owes Defendants money, not the other way around, and there is no fiduciary relationship as a matter of law between Plaintiff and Defendants.

To state a claim for accounting, a plaintiff must plead that (1) it is entitled to damages from the defendant under some other cause of action, (2) the amounts owing the defendant to the plaintiff cannot be determined without an accounting by the defendant, and (3) a fiduciary relationship exists between the defendant and the plaintiff requiring the defendant to render such an accounting. *St. James Church of Christ Holiness,* (1955) 135 Cal.App.2d 352, 359.  Generally, there is no fiduciary duty between a lender and borrower.  *Perlas v. GMAC Mortg., LLC*, (2010) 187 Cal. App. 4th 429, 436 .

Any other duty to provide an accounting only arises when a written request for one is made prior to the Notice of Default being recorded (California Civil Code § 2943(c)).

Plaintiff does not state that she is entitled to damages from Defendants under some other cause of action. See Compl. Generally. Plaintiff alleges that the amount of money owed on the mortgage is unknown and cannot be determined

17

without an accounting. Compl. ¶ 128. However, Plaintiff admits that she "does not dispute that she owed money on her mortgage obligation." Compl. ¶27. This is not a situation in which Defendants are liable for various sums of money and Plaintiff does not know what money is due to her. Plaintiff is the one who owes Defendants money, not vice versa. This cause of action is also not available to Plaintiff because it is well established that there is no fiduciary relationship between a borrower and a lender or loan servicer.  Plaintiff has failed to provide any facts which would establish a fiduciary relationship between herself and U.S. Bank, as Trustee, or Ocwen. See Complaint Generally.

Further, Plaintiff fails to provide any evidence, or even allege, that she timely requested a beneficiary statement before the Notice of Default recorded in June of 2013. See Compl. ¶¶ 125-28. Accordingly she cannot state a cause of action for an accounting pursuant to Cal. Civ. Code § 2943 (c).

Thus, Plaintiff is barred from asserting a claim for Accounting.

### G. **Plaintiff's Claim for Cancellation of Instrument Fails.**

#### 1. **Plaintiff Cannot Predicate a Viable Claim Based on Her Allegation that Defendants Lack the Authority to Foreclose.**

Plaintiff lacks standing to challenge the instruments she seeks to cancel.

Section 2924 of the California Civil Code is the comprehensive framework governing non-judicial foreclosures. Nowhere does the statute provide for a

judicial action to determine whether the person initiating the foreclosure process is indeed authorized. *Gomes v. Countrywide Home Loans, Inc*., (2011) 192 Cal.App.4th 1149, 1155. The recognition of the right to bring a lawsuit to determine a parties authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosure. *Id.*

Plaintiff seeks to cancel the Notice of Default and Notice of Trustee Sale based on her allegation that those documents are improper since U.S. Bank, as Trustee, has no authority to foreclose. Comp. ¶ 130. However, Plaintiff lacks standing to challenge U.S. Bank, as Trustee's authority to foreclose. The recognition of such a right to bring a lawsuit to determine a parties authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and encourage more lawsuits, like the present one, filed solely for the purpose of delaying or setting aside a valid foreclosure. Accordingly, Plaintiff cannot state facts which would show these documents' apparent validity and their actual invalidity.

## 2. Plaintiff Cannot Show Prejudice

Plaintiff cannot set aside these foreclosure documents because she cannot show that she has been prejudiced by them.

19

The California Court of Appeal has held that plaintiffs must "allege…facts showing that they suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process." *Siliga v. Mort. Elec. Reg. Sys, Inc.*, (2013) 219 Cal.App.4th 75,161. Courts have rejected claims of defective foreclosure process where no prejudice was suffered as the result of a procedural irregularity. *Pantoja v. Countrywide Home Loans Inc.*, 640 F.Supp.2d 1177, 1186 (N.D.Cal., 2009) (citing to *Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 94).

Here, Plaintiff alleges that if the Notice of Default and Notice of Trustee Sale are not cancelled, she faces the loss of title and possession of her property. Compl. ¶ 133. However, Plaintiff does not dispute that she is in default under the note. Compl. ¶ 27. Therefore, the commencement of foreclosure and the recording of these documents have not unfairly prejudiced her because she defaulted on her loan. There is no reason to believe that any lender would have refrained from foreclosure in these circumstances. Accordingly, Plaintiff fails to allege she suffered any prejudice from the Assignment or the Notice of Default and Notice of Sale that followed. Absent any prejudice, Plaintiff cannot cancel these documents and her claim for Cancellation of Instruments should be dismissed.

### H. **Plaintiff's Claim for Quiet Title Fails.**

Plaintiff's Quiet Title Claim fails as a matter of law because there is no title instrument to challenge.

20

An action for Quiet Title may be brought "to establish title against adverse claims to real or personal property or any interest therein." *Cal. Civ. Proc.* § 760.020. The purpose of pursuing a Quiet Title action is the Plaintiff's desire to have conflicting claims against an interest in property settled. *Baucum v. Le Baron* (1955) 136 Cal. App. 2d 593, 595 ("It is now well settled that the court may finally determine as between the parties in a quiet title action all of the conflicting claims regarding any estate or interest in the property."). To Quiet Title, the Complaint must state facts which show a title instrument's apparent validity but actual invalidity. *See Hughes v. Beekley* (1927) 85 Cal. App. 313, 316.

Plaintiff's claim for Quiet Title is at best *premature* in that there has been no foreclosure sale of the Subject Property removing ownership interests from Plaintiff. RJN Exhibits A-I. While foreclosure was initiated, it has not been completed, and title remains vested within Plaintiff. Accordingly, there is no *title instrument* to challenge as no sale has removed chain of title from vesting in Plaintiff's name.

As there has been no sale of the Subject Property, there is no legal basis for Plaintiff's claim for Quiet Title.

## I.   Plaintiff's Claim for Declaratory Relief Fails

Plaintiff's claim for Declaratory Relief is based on allegations that Defendants are not the assignees of the Note which is duplicative, improper,

21

1   unnecessary, and must be dismissed without leave to amend.

2
3        A district court may exercise its jurisdiction over a claim pursuant to the

4   Declaratory Judgment Act ("DJA"), "[i]n a case of actual controversy within its

5   jurisdiction." 28 U.S.C. § 2201.   The DJA is merely procedural; it does not

6   provide a theory of recovery.   *Rendon v. Countrywide Home Loans*, 2009 U.S.

7
8   Dist. LEXIS 88047, *36 (E.D. Sept. 23, 2009).  An action is only appropriate "if

9   there is a substantial controversy of sufficient immediacy and reality to warrant

10  the issuance of declaratory judgment." *Principal Life Ins. Co. v. Robinson*, 394

11
12  F.3d 665, 669-71 (9th Cir. 2001).   Furthermore, a declaratory judgment is

13  unnecessary when an adequate remedy exists under other causes of action.

14  *Mangindin v. Wash. Mut. Bank*, 2009 U.S. Dist. LEXIS 51231, *13 (N.D. June 18,

15  2009).

16
17       Plaintiff's Declaratory Relief claim is entirely commensurate with relief

18  sought through her seven causes of action, none of which state a viable claim for

19  relief.   In requesting the court to make a declaration of her rights, Plaintiff is

20  merely reiterating the claims in her other causes of action. More specifically, that

21
22  Defendants lack authority to foreclose because they have no interest in the Note or

23  Deed of Trust. Complaint ¶ 92.

24
25       Accordingly, Plaintiff's Declaratory Relief claim is duplicative and fails to

26  state a claim for relief.

27                                        22

28  _____
    **NOTICE OF MOTION AND MOTION TO DISMISS**
                                              Case No. 13CV03170

IV.     **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and dismiss Plaintiff's Complaint with prejudice, and for such further relief as this Court deems just and proper.

DATED:  January 2, 2013                        HOUSER & ALLISON
                                               A Professional Corporation


                                               /s/ Jessica L. Yared
                                               Jessica L. Yared, Esq
                                               Attorneys for Defendants U.S. Bank
                                               National Association, as Trustee for
                                               MASTR Adjustable Rate Mortgages
                                               Trust 2007-1, Mortgage Pass-Through
                                               Certificates, Series 2007-1 and Ocwen
                                               Loan Servicing, LLC.

23